FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 07 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

EGLON BASCOM,

                Plaintiff,

    -against-

THE BROOKDALE HOSPITAL,

                Defendant.
------------------------------------------------------x

10-CV-3052 (ARR) (LB)

MEMORANDUM
AND ORDER

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

ROSS, United States District Judge:

On July 2, 2010, plaintiff Eglon Bascom, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1981 alleging that defendant "is discriminating against me on the basis of my race from obtaining employment." Plaintiff seeks to enjoin defendant (1) "from telling prospective employers not to hire African Americans," (2) "a letter of apology that specifically denounces racism," (3) "975 Million Dollars," (4) to "sponsor additional training in a Residency and Fellowship programs with Housing in Ophthalmology," and (5) to "change the ABIM report to 'Outstanding.'" Compl. at 2. At the same time, plaintiff also filed a motion for a temporary restraining order and a proposed order to show cause for a preliminary injunction to enjoin defendant "from telling prospective employers not to hire African-Americans . . . ."

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. As plaintiff has neither demonstrated a likelihood of success on the merits nor made a showing of irreparable harm, plaintiff's requests for a temporary restraining order and a preliminary injunction are denied. Additionally, for the reasons set forth

1

below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff was previously employed as a medical resident in Brookdale's Internal Medicine Department. Bascom v. Brookdale Hospital, No. 07-CV-677 (NG) (ALC), 2010 WL 475304, at *1 (E.D.N.Y Jan. 15, 2010). This is the fifth action plaintiff has filed against Brookdale Hospital in this Court.

On December 18, 2002, plaintiff filed his first action against Brookdale Hospital and Dr. Ethan Fried, the Program Director of Residency Training. Plaintiff alleged that Dr. Fried harassed him on account of his race and religion, sent Bascom's subsequent employer, Cabrini Hospital, a "derogatory" letter, and notified the American Board of Internal Medicine that Bascom's performance at Brookdale was inferior. Bascom v. Fried, No. 02-CV-6627 (E.D.N.Y.

Feb. 4, 2004), aff'd, 116 Fed. Appx. 300 (2d Cir. 2004) (Bascom I was dismissed with prejudice because plaintiff's claims were untimely). Plaintiff paid the statutory filing fee to commence the action. Plaintiff filed six motions for reconsideration in this court, all of which were denied. The Second Circuit affirmed the dismissal.

On February 7, 2007, plaintiff filed his second action against Brookdale Hospital and Dr. Fried. The court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff alleged discrimination and retaliation on the basis of race and national origin. Bascom v. Brookdale Hospital, No. 07-CV-677 (NG) (ALC), 2010 WL 475304, at *1 (Bascom II was dismissed on January 15, 2010, on the ground that Bascom had failed to present evidence beyond "mere conjecture" that defendant had disseminated adverse employment references). Bascom did not identify the employer to whom the letter was allegedly sent by Brookdale, nor produce the letter or any other form of admissible evidence proving the letter's existence. Plaintiff's retaliation claim was dismissed on the same ground: plaintiff provided no evidence that Brookdale took any adverse action against him for filing lawsuits in this court. 2010 WL 475304, at *3.

On March 3, 2010, plaintiff filed his third action against Brookdale Hospital. Bascom v. Brookdale Hospital and University Medical Center, No. 10-CV-1027 (ARR) (LB). The court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff alleged discrimination and retaliation on the basis of his race. At an initial status conference held on May 6, 2010, the Honorable Lois Bloom, United States Magistrate Judge, discussed with plaintiff the possible sanctions that would be imposed on him if he continued to file actions against defendant for the same occurrence. See Initial Conf. Tr., 10-CV-1027, Dkt. No. 18 at 4, 14-16, 20. By Order dated May 7, 2010, the court authorized defendant to serve a Rule 11 letter for sanctions upon

3

plaintiff if plaintiff did not voluntarily discontinue his third employment discrimination action against Brookdale. Plaintiff withdrew the action and, by Order dated May 12, 2010, the action was dismissed.

On May 21, 2010, plaintiff filed his fourth complaint against Brookdale Hospital. Bascom v. The Brookdale Hospital, No. 10-CV-2350 (ARR) (LB). The court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff alleged that defendant violated his rights under 42 U.S.C. § 1981 by interfering with his ability to contract with other hospitals to continue his residency. By Order dated June 15, 2010, the court dismissed the complaint as malicious and for failure to state a claim. The court also denied plaintiff's motion for a preliminary injunction and proposed order to show cause to enjoin defendant from "preventing me from making contracts." The court concluded that the action was malicious in light of his litigation history since plaintiff's complaint duplicated "allegations of another [ ] federal lawsuit by the same plaintiff." Bascom, No. 10-CV-2350, slip op. at 5-6 (quotation omitted and citing cases). Finally, the court warned plaintiff that it would not tolerate repeated litigation against Brookdale Hospital and that it would enter an order barring him from filing future *in forma pauperis* complaints without first obtaining the court's permission. Bascom, No. 10-CV-2350, slip op. at 6 (citing cases).

On July 2, 2010, plaintiff filed his fifth action against Brookdale Hospital. Bascom v. The Brookdale Hospital, No. 10-CV-3052 (ARR) (LB). He alleges that defendant violated his rights under 42 U.S.C. § 1981 by "telling prospective employers not to hire African-Americans." Specifically, plaintiff alleges that on June 21, 2010, he "applied for work at Kings County Hospital" and that "Kings County Hospital informed me by phone a few days later that just as a matter of routine they checked with my past employers, The Brookdale Hospital, Kings County

4

Hospital said that they wouldn't hire me because the Brookdale Hospital told them not to hire any African-Americans. The Brookdale Hospital said that, "Bascom is an African-American, don't hire him, Don't hire any African-Americans." Compl. at 1. On that day, Magistrate Judge Lois Bloom held a pretrial conference with plaintiff and an attorney for Brookdale Hospital, in which she attempted to explain to plaintiff that both filing actions repeatedly and making false statements would have repercussions. See Pretrial Conference Tr., Dkt. No. 7, at 3-4.

## DISCUSSION

Plaintiff has not heeded the court's warning and continues to file vexatious complaints against Brookdale Hospital. The court is also concerned that despite plaintiff's affirmation under penalty of perjury, the statements attributed to Brookdale Hospital are not made on good faith. Rule 11 of the Federal Rules of Civil Procedure provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, . . .
> (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

Pursuant to Rule 11, a party may be sanctioned for pleadings "presented for any improper purpose, such as to harass, cause unnecessary delay or, needlessly increase of the cost of litigation." See Chambers v. NASCO, Inc., 501 U.S. 32, 42-52 (1991) (district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly or

for oppressive reasons). "[B]efore sanctions are imposed, a *pro se* litigant must be 'adequately warned of the consequences which may result from this behavior.'" Shahid v. Ridgewood-Bushwick Senior Citizen's Council, No. CV-03-4949, 2005 WL 1009549, at *1 (E.D.N.Y. Apr. 26, 2005) (quoting Golub v. Univ. of Chicago, Nos. 87-CV- 2891, 88-CV-0597, 1992 WL 333641, at *4 (E.D.N.Y. Oct. 26, 1992)); Daniel v. Safir, 135 F.Supp.2d 367, 379 (E.D.N.Y. 2001); Fed. R. Civ. P. 11(c)(3). At this juncture, the court does not reach whether plaintiff has violated Rule 11 and whether Rule 11 sanctions would be warranted, but plaintiff is warned that he may be subject to Rule 11 sanction in any new filing against Brookdale Hospital, if appropriate.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for a temporary restraining order is denied. Plaintiff's order to show cause for a preliminary injunction is denied.

The court again warns plaintiff that it will not tolerate repeated litigation against Brookdale Hospital and shall enter an order, upon notice and opportunity, Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999), barring the acceptance of any future *in forma pauperis* complaints against Brookdale Hospital, if plaintiff continues this litigation abuse. The Second Circuit has long recognized that the district courts have the authority to issue filing injunctions to prevent vexatious litigation. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d

226, 228 (2d Cir. 1993); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990); Sassower v. Sansverie, 885 F.2d 9, 11 (2d Cir. 1989); 28 U.S.C. § 1651(a). The court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross<br>
United States District Judge

Dated: Brooklyn, New York
       July 6, 2010

Service List:

Plaintiff (pro se):

Eglon Bascom
636 East 34th Street
Brooklyn, NY 11203


Defendant's Attorney:

Mark S. Mancher
Jackson Lewis
58 South Service Road
Suite 410
Melville, NY 11747


cc: Magistrate Judge Bloom